1815.

MATTER OF
WENDELL.

─────◦❊◦─────

*Nov.* 14th.

### *In the Matter of* WENDELL, *a Lunatic.*

This court having the whole jurisdiction, in regard to idiots and lunatics, it will direct the course of proceeding, on the traverse of the inquisition returned, in such manner as may be most useful and expedient, so as best to inform its conscience, and afford the safest conclusion as to the existence of the fact of lunacy. The lunatic may be brought into court,' after the inquisition is returned, and an inquiry be made, by inspection, or an issue may be awarded to ascertain, by a verdict at law, the existence or continuance of the lunacy.

The most usual and proper course is, to have the issue made up and prepared for trial, under the direction of this court, instead of delivering over the record and traverse, after the attorney general has joined issue thereon, to the court of law, as practised in *England,* under the statute of 2 and 3 *Edw.* VI., which has not been re-enacted or adopted here.

At the time of directing the issue at law, the court will, if necessary, make a provisional order for the care of the lunatic's estate, until the question of lunacy is determined.

On the the 19th of *August* last, a commission, in the nature of a writ *de lunatico inquirendo,* was issued, directed to certain commissioners, to inquire of the lunacy of *A. H. Wendell,* of the town of *Water Vliet,* in *Albany* county. It was founded upon the petition, &c. of *Dow A. Fonda,* and *Francis Lansing,* jun. The commission was duly executed on the 29th of *August,* and it was found that *Wendell*

was a lunatic, and had been so for thirty years, and that he had considerable real and personal estate; that he had sisters, and several nephews and nieces, by a deceased brother, &c. The writ and inquisition being duly returned and filed with the register, a petition was presented in the name of the lunatic, dated 1st of *September*, praying for leave to traverse the said inquisition, and that an issue might be ordered to be tried at law; that, on the 4th of *September*, a petition was presented by the above named *Dow A. Fonda*, and *Francis Lansing* jun., and by *John G. Rumney*, that the custody of the lunatic's person and estate might be granted to them, on their giving due security; that, on the 6th of *September*, a rule was entered that the lunatic have leave to traverse the inquisition, in such form and manner, and within such time, as might afterwards be directed.

THE CHANCELLOR. The order of the 6th of *September* last was entered provisionally, leaving the course of proceeding to be afterwards settled. In *England*, the traverse of an inquisition of lunacy, or idiocy, is now considered as a matter of right under the statute of 2 and 3 *E.* VI., and it stops the commission at once; and the record is to be carried to the *K. B.*, in order that the traverse may be tried. This was the opinion of Lord *Loughborough*, in the cases, *ex parte Wragg* and *ex parte Ferne;* (5 *Ves.* 450. 832.;) and the record of such a traverse, and issue thereon, in chancery, and subsequent trial at law, is to be seen in the precedent of *Rex* v. *Stone*, in *Tremaine's Pleas of the Crown*, 652.; and the proceeding is, also, stated in the case of *Rex* v. *Roberts*, (*Str.* 1208.) But Lord *Hardwicke* did not seem to consider the statute as operating in so peremptory a manner; and though he was very cautious of extending the prerogative of the crown, in restraining the liberty and property of persons labouring under a charge of lunacy, yet, in the case *ex parte Barnsley*, (3 *Atk.* 184.,) he rejected an application to traverse

1815.

MATTER OF
WENDELL.

1815.

MATTER OF
WENDELL.

a second inquisition of lunacy, as tending to delay, expense, and oppression; and he said, in another case, (*ex parte Roberts*, 3 *Atk.* 5.,) that if the party was entitled, by law, to the traverse, he need not apply to him, though he thought the custody of the estate, or person, could not be suspended without leave. But we need not stay to discuss the construction of the statute referred to, for the provision in that of 2 *E.* VI. has not been re-enacted or adopted. The care and custody of idiots and lunatics, being confided to this court, the whole control of the inquisition, and the manner in which that control shall be exercised, would seem to depend entirely on the discretion of the court.

The lunatic may be brought into court, and an inquiry made, by inspection, after the inquisition is returned, as was declared in *Heli's case ;* (3 *Atk.* 634. ;) and in the case of returning sanity, this is frequently the course, aided, also, by affidavits and the certificates of physicians. So, on the execution of the commission, the commissioners and the jury have a right to inspect and examine the lunatic. (*Ex parte Southcote, Amb.* 109.) An issue may also be awarded to ascertain, by a verdict at law, the existence, or continuance, of the lunacy, as was done in the case *ex parte Holland.* (11 *Ves.* 10.) If a traverse be tendered and allowed, and the attorney general has filed a replication and taken issue upon it, the course, in *England,* is, undoubtedly, to transmit the record to the *K. B.,* to have the question tried at law. But as the whole jurisdiction of the subject is in this court, the object, in either mode, must be merely *ad informandam conscientiam,* and to arrive at a safe conclusion as to the existence of the fact. The decision of a jury will afford the most satisfactory evidence; and the only question is, whether the course shall be by an issue made up and prepared for trial, under the direction of this court, or by delivering over to the supreme court the record of the inquisition and traverse, after the public prosecutor shall have been called to join issue upon it, according to the

practice under the *English* statute. I do not perceive the necessity, or utility, of following the latter mode ; and the other appears to be preferable, as being more conformable to the ordinary practice of the court, in those cases in which it becomes expèdient that a jury should pass upon a matter of fact.

A trial at law is the more desirable, and the more necessary, in this case, since the petitioner's sanity has never been questioned until now, though, according to the finding of the inquisition, he has been a lunatic for thirty years.

I shall, accordingly, direct an issue to try the allegation of lunacy, to be made and prepared by the parties concerned, to be tried at the next circuit court, in and for *Albany* county; and if it shall be found necessary, I shall make a provisional order for the care of the lunatic's estate until the lunacy be determined. This was a precaution taken in the case of *Heli,* just now mentioned.

Order for an issue accordingly.

The order was, " That an issue be made and settled to try the question, whether *E. H. W.* be a *lunatic, or mentally incapable of managing his own affairs;* that the said issue be tried at the next *Albany* circuit; that the counsel for the lunatic, in the first instance, prepare the issue, and submit it to the counsel, or agent of the party suing out the commission ; and that, if they cannot agree as to the form, &c. that application be made to the court ; that if the counsel for *E. H. Wendell* shall omit to prepare, and serve on the opposite party, such an issue, in six weeks after service of a copy of this order, then the order for an issue shall be deemed discharged."