James's Case.

---

In the matter of BENJAMIN S. JAMES, alleged to be a lunatic.

1. An order for a commission in lunacy advised by a vice-chancellor, is the order of the chancellor himself.

. 2. An inquisition finding the alleged lunatic " of unsound mind, so that he is not capable of the government of his lands, tenements, goods and chattels," is sufficient, though it does not state that he is also incapable of governing himself.

Motion to set aside the inquisition.

*Mr. A. Flanders,* for the motion.

*Mr. C. E. Hendrickson, contra.*

THE CHANCELLOR.

Two objections are made to the proceedings. One is that the order for the commission was signed on the advisory certificate

of a vice-chancellor; the other, that the inquisition, though it finds that the alleged lunatic is " of unsound mind, so that he is not capable of the government of his lands, tenements, goods and chattels," does not state that he is incapable of governing himself.   As to the first objection, it is enough to say that the order is in no sense the order of the vice-chancellor who advised the chancellor to make it, but is the order of the chancellor himself. As to the other, the return is that the alleged lunatic is of unsound mind, so that he is incapable of the management of his property.   " Being *non compos,* of unsound mind," says Lord Hardwicke (*Ex parte Barnsley, 3 Atk. 168*), " are certain terms in law, and import a total deprivation of sense, and courts of law understand what is meant by *non compos* or insane, as they are words of a determinate signification."   .When the return is, as in the case in hand, that the alleged lunatic is of unsound mind, so that he is incapable of managing his property, there is therefore a necessary implication that he is incompetent to govern himself.   It is not necessary that the finding should expressly include the fact that the subject of the commission is unable, by reason of his insanity, to take care of himself.   It is enough if the inquisition finds that he is of unsound mind, so that he is incapable of managing his estate.   In *Matter of Bruges, 1 M. & C. 278,* the return was that the alleged lunatic was a lunatic, and did not enjoy lucid intervals, and that she had been in the same state of lunacy from the time of her birth.   The chancellor (Lord Cottenham) said that the finding as it stood was a contradiction in terms, and that the proper finding would have been that she was of unsound mind.   " The usual return since the proceedings have been in English," says Mr. Stock, " is ' idiot,' or ' lunatic,' with or without lucid intervals, or ' of unsound mind and incapable of managing his affairs.' "   *Stock on Non Comp. 104.*   See, also, *Shelf. on Idiots 108.*   In *Matter of James Barker, 2 Johns. Ch. 232,* the petition for the commission, while it stated that Barker was " so far deprived of his reason and understanding as to be wholly unfit and unable to manage his affairs," was silent as to his competency to take care of himself.   Chancellor Kent directed that the inquiry should

be whether he was " of unsound mind or mentally incapable of managing his affairs," and the return was that he was of unsound mind, and mentally incapable of managing his affairs. " It is sufficient," said Lord Eldon (*Gibson* v. *Jeyes, 6 Ves. 266*), " that the party is incapable of managing his affairs." In *Matter of Wendell, 1 Johns. Ch. 600*, Chancellor Kent directed an issue to try an allegation of lunacy, stating the question to be tried as follows : Whether the alleged lunatic " be a lunatic or mentally incapable of managing his own affairs." In *Covenhoven's Case, Saxt. 19*, the return appears to have been that Covenhoven was, at the time of taking the inquisition, " a lunatic, and of unsound mind, and that he had been in the same state of lunacy for five years." The like return was made in *Vanauken's Case, 2 Stock. 186*. The motion is denied.