In the Matter of the Estate of JEROME E. HOWE, Deceased.

LEON BROWN, as Administrator, etc., of CHARLES HOWE, Deceased, Claimant, Appellant; ERSKINE C. ROGERS, as Executor, etc., of JEROME E. HOWE, Deceased, Respondent.

Third Department, November 2, 1938.

*William Gitnick*, for the appellant.

*LeRoy E. Middleworth*, for the respondent.

HILL, P. J. An appeal has been taken from an order made by the Surrogate's Court of Washington county on February 8, 1938. It denied an application for the judicial settlement of the accounts of the executor of the estate of Jerome E. Howe, deceased, and dismissed the proceedings. Decedent died on July 30, 1928, and a final settlement of the accounts of his executor has not been had. A citation, or order to show cause as it is designated in the papers on appeal, was issued by the surrogate, requiring the executor to " show cause * * * why the claim of Leon Brown, as administrator of the goods, chattels and credits of Charles Howe, deceased, heretofore filed with Erskine C. Rogers, as executor, should not be set down for a hearing for judicial determination herein; or in the alternative, why the * * * executor * * * should not forthwith file an account of his proceedings in the above captioned estate." This process was issued upon the petition of the administrator of Charles Howe, deceased, and upon supporting affidavits wherein it is stated that a claim on behalf of the Charles Howe estate had been presented to the executor of Jerome E. Howe, deceased, on or about January 13, 1932. It was asserted and pleaded in the statement of the claim that the estate of Charles was the owner of the entire estate left by Jerome under an agreement made in 1909 whereunder Charles agreed to, and did, convey and assign to Jerome a life interest in all of his property rights in the estate of their then recently deceased sister Sarah J. Howe, and that Jerome as a *quid pro quo* agreed that upon his decease all of his property should pass to Charles, if living, and if dead, to his heirs, next of kin or legatees. On the same day upon which the claim was presented to the executor a citation was returnable in connection with an intermediate judicial settlement of the accounts of the executor of the estate of Jerome. These facts are in part obtained from the opinion of the surrogate written in connection with the order appealed from. None of the official court records in connection with the accounting or any of the proceedings in the estate of Jerome are included in the record on appeal. I quote from the surrogate's opinion as to the proceedings had on the intermediate judicial accounting begun on January 13, 1932: "An adjournment was taken to February 10th. On the adjourned day a rejection of the claim was filed and no one appearing to oppose, a decree in judicial settlement was ordered in pursuance of the account."

The attorney for the executor of Jerome, in an affidavit filed in opposition to appellant's petition, recites in part concerning the court proceedings in 1932, that an attorney, Andrew L. Smith, presented the claim on behalf of the estate of Charles, and that a hearing on the intermediate account was adjourned to February

10, 1932, " and on February 1, 1932, deponent served upon the said Andrew L. Smith a formal rejection of said claim; " that there were conversations between deponent and Smith, an examination of the instruments and records by which Charles transferred his interest in Sarah's estate to Jerome, and thereafter " the said Andrew L. Smith advised deponent that he would appear on the adjourned date of said intermediate accounting proceeding and consent that a decree be made settling and allowing the said account as presented by the executor, and further consenting that the claim presented by him be withdrawn." The administrator of Charles, in his affidavit in support of his application, recites that the attorney Andrew L. Smith has died, that a copy of the claim presented against the estate of Jerome was obtained from his office papers. The administrator further states facts in explanation of the five-year delay between the February, 1932, hearing and the 1937 proceeding which is under review.

The surrogate states in his opinion: " I have also examined the claim and the papers in the case and I do not feel that there is sufficient merit in the claim on its face to permit a recovery." It may well be that a proper conclusion has been reached, but I find no authority which permits a surrogate to determine as to property rights between claimants and estates which are being administered in so summary a way and entirely upon affidavits. The issue on the merits was not before the surrogate for decision. It was stated on the argument, and nothing to the contrary appears in the record, that the decree settling the intermediate accounts of the executor of Jerome on February 10, 1932, contained no reference to the claim made by the estate of Charles and did not purport to determine the validity thereof. The allegation in the affidavit made by the attorney for the executor of Jerome that in 1932 the attorney for appellant consented to the withdrawal of the claim is not such common-law proof as to sustain the decree.

A question of law as to whether or not this claim is barred by the Statute of Limitations is presented. Under the statute (Surr. Ct. Act, § 211), as it existed in 1932, appellant within three months after the rejection of the claim, could have commenced an action in any court of competent jurisdiction. If such an action was not begun within that period, the section recites, " said claim shall be tried and determined upon the judicial settlement." The filing of a claim with an executor or administrator tolls the running of the Statute of Limitations until the final determination in Surrogate's Court. (*Matter of Whitcher*, 230 App. Div. 239.)

" The filing of the claim was the commencement of a special proceeding that tolled the Statute of Limitations; also * * *

the filing of a petition by the claimant to compel an accounting was a proceeding in the special proceeding, and, as the proceeding was commenced before the remedy had been barred by the Statute of Limitations, it did not have the effect of barring claimant's right to compel an accounting after the expiration of the statutory period." (*Matter of Schorer,* 272 N. Y. 247, 250, affg. 248 App. Div. 666.)

This record will not sustain a contention that the claim was finally judicially disposed of on its merits in February, 1932, and there is no adequate proof of a settlement or withdrawal. This was recognized by the surrogate when he examined into the merits. No issue is here raised as to the jurisdiction of the Surrogate's Court which would not exist if this transaction involved an *inter vivos* trust. (*Matter of Lyon,* 266 N. Y. 219.) Section 211 of the Surrogate's Court Act was amended (Laws of 1938, chap. 446) to take effect September 1, 1938, but the amendment does not involve the portion thereof under consideration.

The decree should be reversed, as the issue raised by the claim and its rejection has not been tried and determined upon a judicial settlement.

RHODES, MCNAMEE, CRAPSER and BLISS, JJ., concur.

Decree reversed on the law and facts, and matter remitted to the Surrogate's Court of Washington county for a trial on the merits, with costs to the appellant to abide the event.