In the Matter of ELENA D. SLADE, an Alleged Incompetent.

Supreme Court, Special Term, New York County, July 13, 1943.

*George Gordon Battle* and *Jacob Rosenberg* for petitioner.

*Samuel H. Simenowitz,* special guardian.

EDER, J. This is a proceeding under article 81 of the Civil Practice Act. The petitioner is a sister of the alleged incompetent. The petition sets forth the essential facts. A special guardian and alienist were appointed by the court and they have each performed his duties with care and fidelity. The report of the special guardian is set forth in large detail and is very informative.

A hearing was had before the court on July 7, 1943, at which there were present the petitioner, her attorneys, the special guardian and the alienist; the respondent did not appear although she was notified of the hearing and of her right to be present and to be heard. The special guardian informed the court that the respondent stated that she would not attend, that she had no desire to be present. The love and affection of the petitioner for the respondent and her desire to see the respondent protected and her interests and property safeguarded have been satisfactorily shown to the court.

The petitioner, the special guardian and the alienist were duly sworn and testified concerning the subject matter in concern. The evidence before the court in the testimony given and

the other proof submitted have been given careful consideration, and after such consideration and due reflection it presumptively appears to the satisfaction of the court that the case is one of those specified in article 81 of the Civil Practice Act, that the respondent is incompetent and that a committee ought in the exercise of a sound discretion to be appointed. This court therefore announced its intention of making an order directing that a commission issue or that the question of fact arising upon the competency of the respondent be tried by a jury at a trial term of the court, pursuant to section 1364 of the Civil Practice Act.

The petitioner and her counsel and the special guardian representing the respondent have orally informed the court that to facilitate the determination of the cause herein they desire to waive a trial by jury and consent for the issues of fact to be tried by the court; this court reserved decision on the proposed waiver of a jury trial to first satisfy itself on two points, i. e., (1) whether a jury trial can be waived in such a proceeding as this, and (2) whether the special guardian can make such a waiver and give such consent to a trial by the court alone.

The right to a jury trial in such a proceeding as this is absolute and the court has no discretion in the matter and unless that right is capable of waiver a jury trial must be had, whatever good motive or reason may be present to forego it.

Section 2 of article I of the State Constitution, entitled "Trial by jury; how waived", insofar as here relevant, provides as follows: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."

Section 426 of the Civil Practice Act, entitled "Trial by jury; how waived", prescribes the modes by which a party may waive his right to the trial of an issue of fact by a jury, and by subdivision 3 thereof one of the modes is "By an oral consent in open court entered in the minutes." A written waiver may also be filed with the clerk; but the modes prescribed by section 426 are not conclusive; a jury trial may be waived by the parties in other modes as well. (*West Point Iron Co.* v. *Reymert,* 45 N. Y. 703; *Matter of Kipp,* 70 App. Div. 567; *S. Klein, Inc.,* v. *New Deal Bldg. Corp.,* 171 Misc. 1058.)

On the question whether a jury trial may be waived in such a proceeding as this not much appears to have been written. *Sporza* v. *German Savings Bank* (192 N. Y. 8) and *Whittington* v. *Chancey* (215 App. Div. 863) seem to me to sufficiently

indicate that a trial by jury may be validly waived. In the *Sporza* case it was held that proceedings for the determination of the sanity of an alleged lunatic and for her commitment to an asylum, if adjudged insane, are civil within the clause of said section 2 of article I of the State Constitution allowing parties to civil cases to waive trial by jury, and though it involved a construction of section 2323a of the Code of Civil Procedure (now embodied in § 1374 of the Civil Practice Act) I regard the principle of waiver, there declared, to be as fully applicable to proceedings under section 1364 of the Civil Practice Act. On the matter of waiver, the court said (pp. 21–22): " Under the provisions of the Constitution ' the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner prescribed by law.' As we have seen, the right of a trial by jury is preserved to every person charged with incompetency under the Insanity Law, by his complying with the requirements of that statute. The proceedings, however, being civil, such a trial may be waived by the parties concerned, under the express provision of the Constitution to which we have referred. In this case Mrs. Sporza had the right to such a trial by jury if she or her friends so demanded. Neither she nor her friends appear, by the record, to have demanded such a trial, although it is conceded that she had notice of the proceedings to appoint a committee of her person and estate. She must, therefore, be deemed to have waived such a trial. The right to such a trial was personal to her and those mentioned in the statute. * * * If, therefore, she or her friends acting for her saw fit to waive a trial by jury and accept the determination of the court made as to her insanity, then the defendant had no cause for complaint or power to raise the question of her sanity collaterally in this case."

The *Whittington* case (*supra*) was before the Appellate Division on the submission of a controversy where specific performance of a contract for the purchase of real property was involved. The purchaser rejected the title as being unmarketable upon the ground that the commitment of the incompetent (vendor) without a jury trial and the subsequent proceedings for the appointment of a committee of her person and property were invalid and void and hence the committee could not convey a valid and marketable title. The court overruled the objections and held the proceedings regular and the title valid and directed specific performance. In overruling the claim that

the proceedings were void for failure to give the incompetent a trial by jury the court said that " the failure to demand a trial by jury of the question of her competency constituted a waiver of such right  *  *  *."

These rulings are regarded as adequate to justify the conclusion that in proceedings under section 1364 of the Civil Practice Act a jury trial may be waived by or on behalf of the alleged incompetent.  But I regard it as an advisable course to pursue for the court not to accept a waiver of trial by jury as a mere matter of course, for at common law the practice seems to have been to require a jury trial as a condition precedent to the appointment of a committee for the person or estate of a lunatic, though basically it was resorted to by the chancellor for the purpose of informing the conscience of the court.  For illustrations of the application of the maxim *ad informandam conscientiam,* see *Matter of Wendell* (1 Johns. Ch. 600) and *Matter of Tracy* (1 Paige 580).

I am of the opinion, therefore, that while a waiver of a trial by jury is permissible in such a proceeding as this, its acceptance or rejection by the court should be made to depend upon the particular facts and circumstances of each individual case and should always be rejected whenever it shall appear or be shown to the satisfaction of the court that by its acceptance prejudice or injury will or may result to the incompetent or alleged incompetent.

Being of the opinion that the acceptance of such a waiver in the case at bar will not result in any prejudice or injury to the respondent, I shall now consider the question whether a special guardian of an alleged incompetent appointed in such a proceeding as this may give such a waiver or consent.  My own research does not reveal any recorded ruling on the point, nor have I been referred to any.  It is my view that such a waiver may not be given by such a special guardian but may be given by a special guardian *ad litem.*  The special guardian appointed to act for and represent the alleged incompetent functions for that particular application only, that is, as respects the proceedings preliminary to the trial of the issue mentioned in section 1364 of the Civil Practice Act — if a trial becomes necessary.  In other words, with the making of his report and the termination of that particular proceeding the office of the special guardian comes to an end; thereafter, if a trial is to take place, a litigation then ensues in the true sense and it becomes essential in such a case to appoint a special guardian *ad litem* whose functions and duties are greater and general.

In the case of a special guardian he possesses but special or limited powers and duties with respect to his ward; where he functions as guardian *ad litem* he possesses the power to represent and act for the infant or incompetent throughout the entire litigation to its final termination. A special guardian may be appointed during the pendency of a litigation, for a special, particular or limited purpose, ending with his report thereon, and the guardian *ad litem* still continue on to final termination of the lawsuit. There are other powers possessed by a guardian *ad litem,* in the conduct of a lawsuit, which a special guardian lacks entirely. It has been said that the functions of a special guardian and a guardian *ad litem* are similar, but it is a loose expression and was very likely intended to convey the thought that in *some* respects, there is a kinship to be found in the two. But the line of demarcation between a special guardian and a guardian *ad litem* is nonetheless clear, distinct and decisive.

*Wiley* v. *Edmondson* (43 Okla. 1) is a case where the plaintiff was a minor and through his guardian *ad litem* waived a trial by jury and consented that the issues of fact be tried by the court. It was subsequently contended that this rendered the judgment invalid and made it void; that such a guardian has no power to waive a trial by jury where such a trial is accorded to an infant. In overruling this contention the court held that a guardian *ad litem* or *prochein ami* is not prevented " from assenting to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved."

The special guardian *ad litem* occupies a like status and is thus possessed of the power to waive trial by jury on behalf of the incompetent or alleged incompetent in such a proceeding as this.

Having come to these conclusions respecting the right and power to waive a jury trial, I now proceed to the next steps in the cause, namely, the setting of a date for trial and the appointment of a special guardian *ad litem.* Samuel H. Simenowitz, Esq., is appointed special guardian *ad litem* for the respondent; trial set for July 20, 1943, at 2 P. M., in Room 647.